OPINION
{¶ 1} Paul G. Ankrom appeals from the judgment of the Lake County Court of Common Pleas, entered on a jury verdict, convicting him of one count of complicity to theft and one count of complicity to breaking and entering. He also appeals from the judgment entry of sentence. We affirm.
 {¶ 2} In the early morning of March 9, 2003, Officer Martin Turek of the Mentor Police Department noticed a black Pontiac in the parking lot of the Clark Gas Station on Mentor Avenue. The gas station was closed. A person dressed in black was standing next to the car. Officer Turek turned his patrol car around to investigate and the Pontiac drove away. The person dressed in black walked across the street.
 {¶ 3} Officer Turek followed the car and stopped it. The occupants of the car, Lisa Fioritto and William Hudson, stated they had been in an accident and Officer Turek assisted them in filling out an accident report.
 {¶ 4} At about 6:00 a.m., the manager of the gas station arrived at work. When she entered the gas station, she discovered that the back cinder block wall had been breached and several dozen cartons of cigarettes, valued at $4,877 were missing.
 {¶ 5} The Mentor police investigated and interviewed Fioritto and Hudson. Investigators discovered appellant's wallet in clothing recovered from Hudson.
 {¶ 6} A Willoughby police officer arrested appellant later in the morning on an unrelated charge. At the time of his arrest, appellant was wearing black jeans, a black sweatshirt, black boots, and black gloves. He had been wearing a black skullcap but had thrown it away prior to his arrest.
 {¶ 7} Investigators interviewed appellant. He admitted being in the area of the Clark Gas Station at about the time Officer Turek saw a person dressed in black walk away from the Pontiac in the gas station parking lot. Appellant claimed he was in the area looking for his former girlfriend's house; however, he was unable to provide the name of his former girlfriend or say where she lived. Appellant said he intended to walk around the neighborhood until he spotted her car.
 {¶ 8} Appellant was subsequently indicted on one count of complicity to theft, R.C. 2913.02(A)(1) and 2923.03(A)(2), and one count of complicity to breaking and entering, R.C. 2911.13(A) and 2923.03(A)(2). Appellant pleaded not guilty and the matter proceeded to jury trial. The jury convicted appellant on both counts. Following a hearing the trial court sentenced appellant to serve consecutive twelve month sentences on each count, with those sentences to be served consecutive to the sentence imposed in Lake County Case No. 03CR000153. Appellant filed a timely appeal asserting four assignments of error:
 {¶ 9} "[1.] Appellant's conviction for [c]omplicty to [t]heft and [c]omplicity to [b]reaking and [e]ntering is against the sufficiency and/or weight of the evidence presented at trial.
 {¶ 10} "[2.] The trial court erred to the prejudice of the [a]ppellant when it ordered consecutive sentences because its findings were not supported by the record.
 {¶ 11} "[3.] The trial court erred by sentencing the [a]ppellant to the maximum term of imprisonment on the charges.
 {¶ 12} "[4.] The trial court erred when it sentenced the [a]ppellant to consecutive, maximum sentences based upon findings of factors not found by the jury or admitted by the [a]ppellant in violation of [a]ppellant's [s]tate and [f]ederal [r]ights to trial by jury."
 {¶ 13} Under his first assignment of error, appellant initially argues there was insufficient evidence to support the jury's verdict.
 {¶ 14} "A sufficiency argument tests whether the state has presented evidence on each element of the offense." State v.Driesbaugh, 2002-P-0017, 2003-Ohio-3866, at ¶ 36, citing Statev. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 15} "We must determine whether, viewing the probative evidence and inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found proof of each element of the offense beyond a reasonable doubt. This presents a question of law and the court is not permitted to weigh the evidence." (Internal citations omitted.) Id. at ¶ 37.
 {¶ 16} R.C. 2913.02(A) states, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 17} "(1) Without the consent of the owner or person authorized to give consent[.]"
 {¶ 18} R.C. 2911.13(A) states, "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."
 {¶ 19} R.C. 2923.03 states:
 {¶ 20} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 21} "(1) * * *
 {¶ 22} "(2) Aid or abet another in committing the offense[.]"
 {¶ 23} Thus, the state was required to present evidence to establish appellant aided or abetted another in committing the theft offense set forth in R.C. 2913.02(A)(1) and the breaking and entering offense set forth in R.C. 2911.13(A).
 {¶ 24} Appellant contends there was insufficient evidence to support his convictions because the state failed to present the testimony of anyone to establish appellant was involved in the crimes and there was no physical evidence to link him to the crimes. This argument is unpersuasive.
 {¶ 25} The state presented the testimony of Officer Turek who testified he saw a man matching appellant's description with Fioritto and Hudson in the parking lot of the gas station on the night of the crimes. The state also presented the testimony of a police officer who found appellant's wallet in Hudson's possession. Most damning, the state presented the testimony of Scott Longaker, an inmate who was in jail with appellant. Longaker testified appellant admitted to his involvement in the crimes and provided details of the crime not made available to the public. When we view this evidence in the light most favorable to the prosecution, we cannot say there was insufficient evidence to allow the case to go to the jury.
 {¶ 26} Appellant next argues the jury's verdicts were against the manifest weight evidence.
 {¶ 27} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 28} As he did under his sufficiency argument, appellant contends the state failed to present evidence linking him to the crimes. He also attacks Longaker's credibility. After reviewing the record, weighing the evidence and reasonable inferences, and considering the credibility of the witnesses, we cannot say the jury's verdicts were against the manifest weight of the evidence.
 {¶ 29} While the state failed to present any direct physical evidence linking appellant to the crimes, it presented evidence to establish appellant was in the area where the crimes occurred (in fact appellant admitting being in the area.) The state also presented Longaker's testimony about a conversation he overheard wherein appellant admitted his involvement in the crimes. While Longaker was a convicted felon, the evidence established he did not receive any consideration for furnishing information to authorities or for his testimony.
 {¶ 30} Appellant's first assignment of error is without merit.
 {¶ 31} In his second and third assignments of error, appellant challenges the trial court's imposition of maximum and consecutive sentences.
 {¶ 32} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, 3. We will not disturb a sentence unless we find by clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 33} R.C. 2929.14(E)(4) provides in relevant part:
 {¶ 34} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 35} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 36} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 37} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 38} Appellant first argues the trial court erred in imposing consecutive sentences. He contends the evidence does not support a finding that the harm caused by the offenses was so great or unusual and thus, consecutive sentences are disproportionate to the seriousness of his conduct and the danger he poses to the public. This argument lacks merit.
 {¶ 39} At the sentencing hearing, the state argued the harm appellant caused was so great or unusual as to warrant consecutive sentences. The trial court completely rejected this argument and stated as much on the record. However, in support of the imposition of consecutive sentences, the trial court found appellant committed the instant offenses while awaiting trial or sentencing for another offense. The trial court also found appellant caused serious economic harm to the victims of his crimes because of the value of the items taken and the structural damage caused to the gas station. The trial court also found appellant's criminal record demonstrated his danger to the public. Finally with respect to this argument, the trial court found the imposition of consecutive sentences was not disproportionate to the seriousness of Ankrom's conduct and the danger he posed to the public. The record supports these findings.
 {¶ 40} Appellant next argues the trial court erred in imposing the maximum sentence of twelve months on each count. We disagree.
 {¶ 41} R.C. 2929.14(C) provides:
 {¶ 42} "* * *, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 43} R.C. 2929.12 sets forth the factors the trial court is to consider to determine whether the offender's conduct is more or less serious, and whether the offender poses the greatest likelihood of recidivism. In the instant case, the trial court found appellant posed the greatest likelihood of recidivism, and thus, imposed the maximum sentence.
 {¶ 44} Appellant contends the trial court failed to properly consider the factors set forth in R.C. 2929.12 and that it failed to consider his "desire to become a functional member of society at some point in his life."
 {¶ 45} A review of the record shows the trial court properly considered all relevant factors under R.C. 2929.12. The record also shows appellant was 44 years old at the time he was sentenced and had a long history of criminal conduct, which resulted in appellant serving at least seven prison terms. Appellant also had a history of juvenile adjudications. The trial court also found appellant refused to acknowledge a drug problem or seek treatment. The record also shows appellant lacked remorse for his involvement in the crimes at issue. Finally, the trial court considered the serious economic harm that resulted from the crimes. The record supports these findings.
 {¶ 46} The trial court did not err in imposing maximum and consecutive sentences; thus appellant's second and third assignments of error are without merit.
 {¶ 47} In his final assignment of error, appellant contends his sentences are constitutionally infirm under Blakely v.Washington (2004), 542 U.S. 296. We have previously rejected this argument and do so again. See, State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶ 44-61; State v. Morales,
11th Dist. No. 2003-L-025, 2004-Ohio-7239, at ¶ 85-89. Further, we have held that a trial court may consider the fact that a defendant has served a prior prison term without running afoul ofBlakely. See, State v. Taylor, 158 Ohio App.3d 597,2004-Ohio-5939, ¶ 25. Here, appellant has served at least seven prison terms.
 {¶ 48} Appellant's fourth assignment of error is without merit.
 {¶ 49} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., O'Toole, J., concur.