OPINION
{¶ 1} Appellant, Paul G. Ankrom, appeals from the judgment entry of the Lake County Court of Common Pleas, ordering him to pay restitution equal to the entire amount of the economic loss suffered by the victim of the crimes of which he was convicted, to wit, complicity to theft and complicity to breaking and entering. For the reasons below, we affirm.
 {¶ 2} In the early morning of March 9, 2003, Officer Martin Turek of the Mentor Police Department noticed a black Pontiac in the parking lot of the Clark Gas Station on *Page 2 
Mentor Avenue. The gas station was closed. A person dressed in black was standing next to the car. Officer Turek turned his patrol car around to investigate and the Pontiac drove away. The person dressed in black walked across the street.
 {¶ 3} Officer Turek followed the car and stopped it. The occupants of the car, Lisa Fioritto and William Hudson, stated they had been in an accident and Officer Turek assisted them in filling out an accident report.
 {¶ 4} At about 6:00 a.m., the manager of the gas station arrived at work. When she entered the gas station, she discovered that the back cinder block wall had been breached and several dozen cartons of cigarettes, valued at $4,877.00, were missing.
 {¶ 5} The Mentor police investigated and interviewed Fioritto and Hudson. Investigators discovered appellant's wallet in clothing recovered from Hudson.
 {¶ 6} A Willoughby police officer arrested appellant later that morning on an unrelated charge. At the time of his arrest, appellant was wearing black jeans, a black sweatshirt, black boots, and black gloves. He had been wearing a black skullcap but had thrown it away prior to his arrest.
 {¶ 7} Investigators interviewed appellant. He admitted being in the area of the Clark Gas Station at about the time Officer Turek saw a person dressed in black walk away from the Pontiac in the gas station parking lot. Appellant claimed he was in the area looking for his former girlfriend's house; however, he was unable to provide the name of his former girlfriend or say where she lived. Appellant said he intended to walk around the neighborhood until he spotted her car.
 {¶ 8} Appellant was subsequently indicted on one count of complicity to theft in violation of R.C. 2913.02(A)(1) and 2923.03(A)(2), and one count of complicity to breaking and entering in violation of R.C.2911.13(A) and 2923.03(A)(2). Appellant *Page 3 
pleaded not guilty and the matter proceeded to jury trial. The jury convicted appellant on both counts. Following a hearing the trial court sentenced appellant to serve consecutive twelve month sentences on each count, with those sentences to be served consecutive to the sentence imposed in Lake County Case No. 03CR000153. The trial court also ordered restitution for the benefit of Clark Oil in the amount of $4877.60.
 {¶ 9} Appellant appealed to this court and, in State v. Ankrom, 11th Dist. No. 2004-L-125, 2005-Ohio-6568, this court affirmed appellant's convictions and sentence. Appellant subsequently appealed to the Ohio Supreme Court. In In re Ohio Crim. Sentencing Statutes Cases,109 Ohio St.3d 313, 328, 2006-Ohio-2109, the Supreme Court reversed appellant's sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remanded the matter for resentencing. After conducting a hearing, the trial court resentenced appellant to the same term of imprisonment and ordered the same amount of restitution.
 {¶ 10} Appellant now appeals and asserts one assignment of error:
 {¶ 11} "The trial court violated appellant's due process rights under the Fourteenth Amendment of the U.S. Constitution and the Bill of Rights of the Ohio Constitution when it sentenced him to restitution in the amount of all of the victim's economic loss when he was convicted of complicity of a breaking and entering and theft."
 {¶ 12} Although appellant objected to the restitution order at his original sentencing hearing, he failed to so object at resentencing. Instead, appellant leveled Foster-oriented due process, ex post facto, and separation of powers objections. Because appellant failed to specifically object to the order of restitution at his resentencing hearing, he failed to preserve the issue for review. See State v.Marbury *Page 4 
(1995), 104 Ohio App.3d 179, 181, citing State v. Williams (1977), 51 Ohio St.2d 112. We will thus review the trial court's order for plain error in relation to the arguments alleged and the applicable law governing restitution orders.
 {¶ 13} Appellant first argues that the trial court erred by misstating his convictions. Appellant asserts the trial court erroneously stated he was convicted of breaking and entering and theft rather than complicity to breaking and entering and complicity to theft. We disagree.
 {¶ 14} At appellant's resentencing hearing, the trial court stated:
 {¶ 15} "I'm going to sentence the Defendant to the Lorain Correctional Institution to serve definite terms as follows, twelve months with respect to Count One, that being the complicity to theft; twelve months with respect to Court [sic] Two, that being complicity to breaking and entering. Those prison terms will be served consecutive to each other and also be consecutive to the prison term imposed in Case 03CR153, that case also from the Lake County Court of Common Pleas."
 {¶ 16} Clearly, the trial court sentenced appellant to terms of imprisonment for the crimes of which he was convicted. Appellant's first argument lacks merit.
 {¶ 17} Next, appellant argues the order of restitution is contrary to the statutes governing the imposition of such financial sanctions. Again, we disagree.
 {¶ 18} Former R.C. 2929.18, provided, in relevant part:
 {¶ 19} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to [R.C] 2947.23 * * *, the court imposing a sentence on an offender for a felony may sentence the offender to any financial sanctions * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to the following: *Page 5 
 {¶ 20} "(1) Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss.* * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount or restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * *"
 {¶ 21} R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *."
 {¶ 22} Moreover, R.C. 2929.19(B)(6) provides that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code[,] * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." The statute does not require a court to hold a hearing on the issue of a defendant's ability to pay; rather, a court is merely required to consider the offender's present and future ability to pay. State v. Martin, 140 Ohio App.3d 326, 338,2000-Ohio-1942; see, also, State v. Smith, 4th Dist. No. 06CA2893,2007-Ohio-1884, at ¶ 41.
 {¶ 23} "`Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted.'" State v. Agnes (Oct. 6, 2000), 11th Dist. No. 99-L-104, 2000 Ohio App. LEXIS 4653, *23-*24, quoting State v. Williams (1986), 34 Ohio App.3d. 33, 34. Further, when the record indicates a court has considered a pre-sentence investigation report detailing pertinent financial *Page 6 
information or when a transcript reflects that a court has considered the defendant's ability to pay, the court has adequately complied with the statute. Martin, supra; see, also, State v. Karnes (Mar. 30, 2001), 4th Dist. No. 99CA042, 2001 Ohio App. LEXIS 1522; State v. Finkes, 10th Dist. No. 01AP-310, 2002-Ohio-1439.
 {¶ 24} At the resentencing hearing, the trial court considered appellant's ability, both in the present as well as the future, to pay financial sanctions. The court considered the information in appellant's presentence investigation report and acknowledged that appellant appeared healthy and "capable of engaging in gainful employment" upon his release from prison. Moreover, Suzanne Miranda, manager of the gas station from which the property was taken, testified the property had a value of $4,877.00. The presentence investigation report also included a victim impact statement indicating the value of the merchandise taken was $4,877.00.
 {¶ 25} Given the evidence as a whole, we hold the trial court properly complied with the necessary statutory guidelines in ordering restitution to the victim. However, the trial court's order indicates the victim suffered economic loss in the amount of $4877.60. The victim's representative stated the amount of the loss was $4877.00. Although the trial court followed the governing law for imposing restitution, the record does not support the award of an additional $0.60. We accordingly modify the trial court's restitution order to reflect the proper amount owed to the victim, to wit, $4877.00.
 {¶ 26} Appellant next argues the trial court was required to proportionally split the restitution order in relation to each defendant's contribution to the loss. Appellant fails to support this proclamation with any authority. Further, the statutes at issue do not impose a duty on the court to determine the relative percentage of responsibility to assign an accomplice or co-defendant in relation to the economic loss suffered. As *Page 7 
indicated above, the statutes merely require a restitution order to be limited to the actual damage or loss caused by the offense of which the defendant is convicted. See Agnes, supra. This means there must be sufficient information in the record from which the court can determine the amount of restitution to a reasonable degree of certainty. State v.Sommer, 154 Ohio App.3d 421, 2003-Ohio-5022, at ¶ 12. Where these requirements are met and when the amount awarded does not exceed the amount lost, the court may properly order restitution.
 {¶ 27} Appellant was convicted of complicity to breaking and entering and complicity to theft. Further, the victim's demonstrable losses were a direct and proximate result of appellant's actions. Under these circumstances, the requisite causal connections were drawn and therefore the trial court's restitution order was statutorily valid.
 {¶ 28} Appellant next asserts the trial court's restitution order "creates a possible unjust taking" contrary to his Fifth andFourteenth Amendment rights because it allows for the possibility of "multiple full restitution orders against different defendants in different cases." We disagree.
 {¶ 29} Appellant's argument is thematically mistaken and overly speculative. Appellant fails to identify how the trial court's order could amount to an unconstitutional taking. Generally, theFifth Amendment prohibits governmental taking of private property "for public use without just compensation." Here, it is unclear how the restitution order runs contrary to this prohibition. Furthermore, even if appellant could overcome this problem, his argument is premised upon his accomplices having restitution orders attached to their sentences. There is no evidence in the record *Page 8 
suggesting this is a necessary or likely outcome. Thus, appellant's argument is purely hypothetical and does not assert a controversy for our resolution.
 {¶ 30} Finally, appellant asserts the restitution order runs afoul of his equal protection rights. Specifically, appellant argues the trial court's restitution order fails to meet one of the fundamental goals of felony sentencing, viz., consistency. Appellant maintains his sentence will necessarily be inconsistent with the sentences of his two accomplices because he will be responsible for the entire amount of the victim's economic loss. In appellant's view, consistency requires that the court allocate the victim's loss proportionally between himself and his two accomplices. We disagree.
 {¶ 31} As discussed above, nothing in the statute or the case law requires the court to proportionally divide the amount of the victim's loss between multiple accomplices. First, it would be difficult, if not impossible, to reach a conclusive determination regarding the specific amount of loss for which each criminal actor would be responsible. Principals and accomplices to criminal activity are generally tried independently. Unless the criminal actors were tried jointly, the evidence necessary for an adequate proportionality calculation would be hopelessly wanting. Hence, appellant's proposition is logistically unworkable.
 {¶ 32} Moreover, this court has determined that a consistent sentence is not based upon a case-by-case comparison, but is the result of a trial court's proper application of the sentencing guidelines. State v.Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58. Our task is to determine whether the record supports the sentence in light of the court's application of the proper, applicable statutory procedure. Here, the trial court followed the statutory guidelines for ordering restitution, and thus appellant's sentence is consistent with the purposes and principles of felony sentencing. *Page 9 
 {¶ 33} Upon review of the record, we hold the restitution order as modified was supported by competent, credible evidence. Evidence in the record demonstrates that appellant's complicit conduct was a direct and proximate cause of the victim's economic losses. We conclude that the trial court did not err in ordering appellant to pay restitution for the economic loss sustained by the victim. Therefore, appellant's sole assignment of error lacks merit.
 {¶ 34} For the reasons set forth above, the judgment of the Lake County Court of Common Pleas ordering restitution in the amount of $4877.60 is modified by $0.60 to reflect the actual amount of economic loss suffered by the victim, viz., $4877.00. In light of this modification, we affirm the order of the trial court.
MARY JANE TRAPP, J., JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur. *Page 1