[Cite as *State v. Albaugh*, 2013-Ohio-5835.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2013-P-0025 |
| MICHAEL R. ALBAUGH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0442.

Judgment: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gregory A. Price,* 137 South Main, Suite 300, Akron, OH 44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Michael R. Albaugh, appeals from the judgment of the Portage County Court of Common Pleas ordering him to pay a total of $2,100 in restitution. Appellant contends the trial court abused its discretion in requiring him to pay an amount of restitution that was not attributable to the offenses of which he was convicted. For the reasons discussed below, we reverse the trial court's judgment and remand the matter for further proceedings.

{¶2} Appellant was initially indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A),(C)(4)(a), a felony of the fifth degree; trafficking in cocaine, in violation of R.C. 2925.03(A), (C)(4)(c), a felony of the fourth degree; and possession of cocaine, in violation of R.C. 2925.11(C), (C)(4)(b), a felony of the fourth degree. A supplemental indictment was later filed charging him with receiving stolen property, in violation of R.C. 2913.51, a felony of the fifth degree; and forgery, in violation of R.C. 2913.31, a felony of the fifth degree. Appellant entered pleas of not guilty to the charges.

{¶3} Appellant subsequently entered a plea of guilty to one count of felony-four trafficking in cocaine and forgery, a felony of the fifth degree. The trial court accepted the plea and referred the matter to the adult probation authority for a presentence investigation report ("PSI"). Prior to the court imposing sentence, counsel for appellant disputed the amount of restitution the victim was seeking. Counsel emphasized, "we have evidence to show that he used the [stolen credit] card at a gas station and that was a very limited use at that point, so that is where the RSP[, receiving stolen property,] got reduced to a Forgery and we would ask the Court to address that."

{¶4} The court acknowledged that counsel was contesting the restitution amounts and allowed the state to respond. The prosecutor stated, however, he was "not prepared to address that at this time." The prosecutor then deferred to the PSI, which, in his view, indicated the victim's total loss was $1,700. The court agreed with the prosecutor, stating the victim's damages exceeded the amount charged to her credit card.

{¶5} The court subsequently sentenced appellant to 45 days in the Portage County Jail with work release. The court also placed appellant under the control of the

2

Portage County Adult Probation Department in the Intensive Supervision Program for a period of one year with four additional years under the General Division of Adult Probation. The court then ordered appellant to pay restitution to the following parties: $100 to the Drug Task Force; $200 to Key Bank; and $1,710 to the victim. This appeal followed.

{¶6} Appellant's sole assignment of error provides:

{¶7} "The trial court abused its discretion when it sentenced the defendant to pay restitution not attributed to his offense."

{¶8} R.C. 2929.18(A)(1) provides that financial sanctions may include:

{¶9} Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the

3

offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

**{¶10}** Prior to imposing restitution, a trial court must ensure that the amount is supported by competent, credible evidence. *See State v. Warner*, 55 Ohio St.3d 31, 69 (1990). Moreover, due process requires that the amount of restitution bear a reasonable relationship to the loss suffered. *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, ¶10 (2d Dist.), citing *State v. Williams*, 34 Ohio App.3d 33, 34 (8th Dist.1986). A restitution order must be tailored to compensate the victim for the actual economic loss caused by the illegal conduct for which a defendant is convicted. *State v. Agnes*, 11th Dist. Lake No. 99-L-104, 2000 Ohio App. LEXIS 4653, *23 (Oct. 6, 2000); *see also State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶5. It consequently follows that the amount claimed must be established to a reasonable degree of certainty before the court may enter a restitution order. *State v. Golar*, 11th Dist. Lake No. 2002-L-092, 2003-Ohio-5861, ¶9, citing *Warner, supra.*

**{¶11}** Where questions are raised regarding the amount of restitution, the trial court must resolve such issues through an evidentiary hearing. *See* R.C. 2929.18(A)(1). Under such circumstances, "[d]ocumentary and/or testimonial evidence must be introduced to demonstrate the victim's economic loss." *Bowman, supra*, at ¶12. R.C. 2929.18(A)(1) limits the trial court's authority to order restitution to that amount of economic loss suffered by the victim as a direct and proximate result of the offense a defendant committed. Thus, when a defendant disputes the amount of restitution, it is both constitutionally and statutorily necessary for the court to have adequate evidence before it to demonstrate the restitution request bears a reasonable relationship to the

loss suffered before entering its order. *See e.g. State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, ¶18 (8th Dist.)

{¶12} In this case, defense counsel expressly disputed the amount of restitution to which the victim claimed entitlement at the sentencing hearing. Defense counsel specifically asserted he had evidence demonstrating the loss suffered by the victim as a result of the crime to which appellant ultimately pleaded guilty was significantly less than the amount for which the victim was seeking restitution. The prosecutor conceded he was not prepared to respond to defense counsel's evidence, and merely confirmed that the victim was seeking $1,700 in restitution for the crimes with which appellant was charged. He then asserted his belief that this amount is referenced in the PSI. The court neither heard the evidence defense counsel proposed to offer nor reset the matter for a hearing on restitution. Instead, the court observed the restitution amount was based on more than the amount charged on the card; the court continued: "it was also a Coach purse, and the window smashed out, and the GPS, and there's all kinds of other things."

{¶13} Although a PSI may serve as a foundation for an award of restitution, such a tool is useful only to the extent it details "pertinent financial information." *See State v. Ankrom*, 11th Dist. Lake No. 2006-L-124, 2007-Ohio-3374, ¶23. Here, the PSI blankly sets forth the victim's request. The PSI does not, however, provide an itemization of the belongings allegedly lost or damaged; and there is nothing in the record disclosing the manner in which the victim arrived at the value for the lost or damaged items.

{¶14} Moreover, even assuming an accurate accounting of the victim's losses existed, the record fails to disclose how appellant, who was convicted of forgery, presumably from the use of the victim's credit card, is responsible for losses beyond

5

that loss ascribed to his illicit use of the card. We acknowledge that, to the extent the additional losses were a direct and proximate result of his criminal conduct, appellant could arguably be responsible for them. Without some evidence to substantiate this conclusion, however, there is simply nothing in the record to establish a nexus between appellant's use of the credit card and the victim's other losses.

{¶15} Given the circumstances, we hold the restitution order sub judice cannot stand. Where, as here, questions are raised about the amount of restitution that should be ordered, the trial court is required to resolve those questions by holding an evidentiary hearing. We therefore reverse the judgment of the trial court and remand the matter for a hearing to establish whether the amount requested is an economic loss that can be legally deemed a direct and proximate result of the crime appellant committed.

{¶16} Appellant's sole assignment of error is sustained.

{¶17} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and remanded.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.