[Cite as *State v. Cornelison*, 2014-Ohio-2884.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-064** |
| ROBERT J. CORNELISON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000813.

Judgment: Modified and affirmed as modified.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Derek Cek,* 2725 Abington Road, #102, Fairlawn, OH 44333 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert J. Cornelison, appeals the judgment of sentence entered by the Lake County Court of Common Pleas. For the reasons discussed in this opinion, we modify the trial court's judgment and affirm as modified.

{¶2} On January 15, 2013, appellant was indicted on three counts of robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3), and one count of petty theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1). Appellant

entered a plea of not guilty to all charges. Appellant later withdrew his plea and entered a plea of guilty to all four counts in the indictment. The trial court deferred sentencing and referred the matter to the Lake County Adult Probation Department for a presentence investigation report ("PSI") and a drug and alcohol evaluation. Victim Impact Statements were also prepared pending sentencing.

{¶3} On March 14, 2013, the trial court sentenced appellant to two and one-half years on each count of robbery and six months in jail on the theft charge. The trial court ordered the robbery counts to be served consecutively to each other, and concurrently with the term for the theft charge, for an aggregate term of seven and one-half years in prison. Appellant was also ordered to pay restitution to the victims of his crimes.

{¶4} On November 13, 2013, this court granted appellant's motion for delayed appeal. Appellant now assigns three errors for this court's review. His first assignment of error provides:

{¶5} "The trial court's sentence was clearly and convincingly contrary to law."

{¶6} This court reviews felony sentences pursuant to the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. Under the first prong, appellate courts "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* "If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *Id.*

{¶7} With these principles in mind, appellant first contends the trial court's sentence was clearly and convincingly contrary to law because it improperly weighed the seriousness and recidivism factors under R.C. 2929.12 in ordering its sentences.

2

With respect to factors making his conduct less serious, appellant asserts the trial court did not consider that there was neither physical harm nor an expectation of physical harm suffered by the victims. He further asserts the trial court failed to consider his drug problem. With respect to appellant's likelihood of recidivism, appellant contends the trial court failed to consider appellant's genuine remorse.

{¶8} In this case, the trial court specifically stated it considered and weighed the R.C. 2929.12 factors in crafting its sentence. The trial court further set forth a detailed analysis of the applicable factors which provided a basis for its sentence at appellant's sentencing hearing. The court observed:

{¶9} Well, this Court has reviewed the presentence report and investigation that was prepared, Dr. Rindsberg's drug and alcohol evaluation. I received multiple victim statements, I've considered each of those. I received a six-page letter from Mr. Cornelison himself which I have read and taken into consideration as well as a letter just today from Mr. Cornelison's fiancee's mother.

{¶10} I've considered the particular facts and circumstances of the offense, the nature of these offenses; everything that's been said here in open court today by Ms. Campell on behalf of Mr. Cornelison. Mr. Cornelison himself was given an opportunity to address the Court, I've considered his comments and the recommendation and comments made by the prosecuting attorney. This is all being considered in light of the purposes and principles of felony sentencing set forth [in R.C.] 2929[.]11. As to the factors in [R.C.] 2929[.]12, the Court finds that as to Counts One, Two and

3

Three, that the victims in each of those counts, the Robbery victims, suffered serious psychological harm as a result of the conduct involved. I received victim impact statements from each of the young ladies involved in the Robbery and they each explained to the Court how this has impacted their lives and how it continues to impact their lives and that makes the offense much more serious.

{¶11} There is nothing present indicating the offense is less serious.

{¶12} Recidivism factors also causes this Court a lot of concern. The Defendant does have a history of criminal convictions as set forth by the prosecutor here. The Defendant has been before this Court before, gave the Defendant an opportunity on probation, he violated. I gave him another opportunity on probation by sending him to NEOCAP because that's what he said he wanted and needed. He violated again and I sent him to prison. Got out of prison and a year later he's back at it. Well, not back at it now. This time it's much more serious, the seriousness of his conduct has escalated to now we're at robberies.

{¶13} He has not responded favorably at all to previously imposed sanctions. A drug abuse problem relates to the offense. And you made a comment, Mr. Cornelison, that the crimes were committed by drugs. They're not committed by drugs. You committed these crimes. Drugs don't commit crimes. They're related to the offense and you're not doing anything to get help or you just don't care. I mean you put yourself in detox just a few weeks before this

4

happened. You have had opportunities as the prosecutor explained that many people that are in a similar boat as you don't have. Many people come in here and say, "I have nowhere to turn to. I don't have any money, don't have any family members. I don't know what to do." You had that opportunity. Your grandparents stuck by you for a long time, giving you opportunities to get your act straightened out because you said the exact same thing that you said here today; over and over and over. But you haven't done it.

{¶14} No factors indicating recidivism is less likely.

{¶15} These are felonies of the third degree so there's no presumptions one way or the other concerning probation or prison.

{¶16} You know, Mr. Cornelison, over the course of time that I've had you in front of me going back to - - when was it? 2007, 2008? 2008, you've written me many letters all saying the same thing. You wrote me a long six-page letter that I've mentioned here, just last week I received. When I look at what you're saying in here and what you're going to do, let me go back to the letter that you wrote me in 2009, where you say the exact same thing. Go back to the letter you wrote me in 2010 where you say the exact same thing here.

{¶17} Here's what you wrote in 2010, "I want my life back and I'm willing to do anything and everything to do so." I think that's what you just said here now.

{¶18} "I'll do anything I have to do, to make sure I never end up back here or in prison.  I'll never forgive myself for hurting those I have hurt and I'm hoping for one last chance.  Thank you for your time.  I'm willing to do anything and everything possible."

{¶19} And then I read your letter that you just wrote me and it's saying the same thing.  And your attorney mentioned and you mentioned that you were just using a chance at treatment to get out sooner, but that's not what you wrote in these letters to me last time.  "Since coming to Lorain, I've realized I can't do this on my own.  I'm active in NA/AA, working on completing my four steps and I've regained my faith for the first time in thirteen years.  I attend church and Bible study every week.  I'm due to see a psychiatrist that mental health referred me to. I also intend on attending anger management.  I want my life back and am willing to do anything and everything to do so.  I want to raise my two boys and contribute to society in a positive way.  I hope to be able to make things right with my family and those who have been affected by my drug use and actions."

{¶20} This is all the same stuff you're saying now and you didn't do it back in 2009 when you wrote me a letter and you didn't do it back in 2010 when you wrote me a letter.  How am I supposed to believe you're going to do it this time?  I can't.  And I will not.

{¶21} Especially with the fact that the conduct has now escalated. Before we had been talking about Theft offenses, Unauthorized Use of a Vehicle, Receiving Stolen Property, now we're talking about serious

6

Robberies. And I'm not about to sit here and say, "Oh, okay I am going to believe you this time, Mr. Cornelison; that you're really serious about wanting to do this," when you told me the exact same thing over and over in the past.

**{¶22}** Therefore, there is only one choice and that is to lock you up for a long time to protect our community.

**{¶23}** The Court finds prison is consistent with the purposes and principles of sentencing. You are not amenable to any available community controlled [sic] sanctions. We've tried every available community control sanction we have and it doesn't work.

**{¶24}** Both R.C. 2929.11 and R.C. 2929.12 provide general guidance for a sentencing court imposing every felony sentence. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶36. A court is not mandated to engage in factual findings under the statutes, but must simply "consider" the statutory factors. *Id.* at ¶42. To the extent the record evinces the requisite consideration of the applicable seriousness and recidivism factors, the court has met its obligation. *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶25}** The court's monologue demonstrates it gave due and thorough consideration to all relevant factors in meting out appellant's sentence. The court emphasized that appellant's drug habit was not a factor making the offenses less serious because appellant has had multiple opportunities to overcome his addictions via court-ordered treatment. Despite these chances, however, appellant began using again. And, as a result, the court noted, the crimes appellant committed have grown in severity. Further, the court emphasized the victims of the crimes experienced significant psychological harm as a result of appellant's conduct. The victim impact

7

statements reflected the fear and other emotional/psychological anxieties from which the victims suffered due to appellant's actions. In light of this information, appellant's conduct is not less serious because he did not inflict physical harm on any of the victims. Finally, the court considered appellant's representations in open court and his letters, both current and previous. In doing so, the court found appellant, while ostensibly contrite, had reiterated the same apologies and promises to reform for his actions in the case sub judice as he had in past cases. The court therefore considered appellant's remorse, but found it not particularly credible. A review of the record demonstrates the trial court gave proper consideration to the statutory factors under R.C. 2929.11 and R.C. 2929.12. In this respect, the court's sentence is not clearly and convincingly contrary to law.

{¶26} Appellant further asserts the trial court failed to comply with R.C. 2929.14(C)(4) in imposing consecutive sentences. We do not agree.

{¶27} After the enactment of H.B. 86, a court is required to make certain factual findings when imposing consecutive sentences. Pursuant to R.C. 2929.14(C)(4), consecutive sentences can be imposed if the court finds (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender *and* (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find one of the following three factors:

{¶28} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * * or was under post-release control for a prior offense[;]

8

{¶29}  (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct[; or]

{¶30}  (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶31}  Post H.B. 86, this court has continued to follow the standard of review of criminal sentences set forth in *Kalish. See e.g. State v. Frasca*, 11th Dist. Trumbull No. 2011-T-0108, 2012-Ohio-3746, ¶48.  The state points out, however, that, post H.B. 86, other appellate districts have adopted the standard of review set forth in R.C. 2953.08(G)(2) when considering appeals of a trial court's imposition of felony sentences.  R.C. 2953.08(G)(2) provides:

{¶32}  The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶33}  (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶34}  (b) That the sentence is otherwise contrary to law.

9

{¶35} Because a trial court is statutorily mandated to make findings under R.C. 2929.14(C)(4) before it can impose consecutive sentences, the findings are not within the court's discretion. In this respect, post H.B. 86, it follows that the standard set forth under R.C. 2953.08 is a more appropriate standard for an appellate court's review of consecutive sentences.

{¶36} After reviewing the facts the court found germane to appellant's sentence, it made the following findings:

{¶37} [I]t will be the sentence of this court that on Counts One, Two and Three you serve a term in prison of thirty months or two and a half years. Each of those sentences shall be served consecutive to each other for a total of seven and a half years.

{¶38} The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant. They are not disproportionate to the seriousness of the Defendant's conduct or to the danger that he poses to the public.

{¶39} The Court further finds each of the multiple offenses were committed as a part of a course of conduct and that the harm caused by each of these multiple offenses was so great or unusual that no single prison term for any one of the offenses committed as part of [the] course of conduct adequately reflects the seriousness of his conduct. And further that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by Mr. Cornelison.

{¶40} Appellant contends the trial court's findings pursuant to R.C. 2929.14(C)(4)(b) and (c) are clearly and convincingly contrary to law. Appellant's argument lacks merit.

{¶41} First, the record demonstrates that appellant committed the three robberies between November 3, 2012 and November 13, 2012. During each robbery, appellant led each victim to believe he had a firearm to compel their cooperation. This timeframe supports the trial court's finding that at least two of the robberies were part of a course of conduct. And, although the harm caused by appellant's actions is difficult to quantify, the victim impact statements indicate the anxieties suffered by several of the victims was significant; to wit, one victim quit her job and had nightmares and one business had to double its staff due to fears the robbery triggered in its employees.

{¶42} Assuming, however, arguendo, that the foregoing harm does not meet the heightened harm requirement of R.C. 2929.14(C)(4)(b), the record supports the trial court's finding under R.C. 2929.14(C)(4)(c). Specifically, between June 2007 and the time of the instant offenses, appellant has been convicted of five felonies; namely, two felony-four thefts, one felony-four receiving stolen property, one felony-five attempted burglary, and one felony-four domestic violence. As the trial court noted, appellant had been placed on probation and/or community control on several occasions as a result of his crimes; each time, however, he was ultimately found in violation. In light of appellant's past criminal record, including his past probation/community control violations and his failure to respond favorably to treatment for his addictions, the court did not err in concluding his past criminal conduct made it necessary to protect the public from his future criminal activity. Consecutive sentences were consequently

11

justified under R.C. 2929.14(C)(4)(c). We therefore hold the trial court's imposition of consecutive sentences was not clearly and convincingly contrary to law.

**{¶43}** Appellant's first assignment of error is overruled.

**{¶44}** Appellant's second assignment of error reads:

**{¶45}** "The trial court committed plain error by imposing court costs without notifying appellant of the possibility of community service in lieu of paying court costs."

**{¶46}** Under his assignment of error, appellant asserts the trial court failed to comply with the requirements of R.C. 2947.23(A)(1)(a) when it imposed costs. R.C. 2947.23 has been amended since appellant's sentencing, but at the time of sentencing, it provided, in relevant part:

**{¶47}** In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

**{¶48}** (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in full compliance with the approved payment schedule.

**{¶49}** In relevant part, the 2012 amendment, effective March 22, 2013, substituted, in the second sentence of the language of section (A)(1)(a), "If" for "At the

12

time," and substituted "a community control sanction or other nonresidential sanction" for "sentence," and also inserted the phrase "when imposing the sanction" to that sentence.

**{¶50}** Because appellant's sentence was entered before the effective date of the amendment, former R.C. 2947.23 applies. The state concedes the trial court failed to meet its obligation under former R.C. 2947.23. As a result, the imposition of court costs without the proper notification was error. Appellant, however, could receive a complete remedy by removing the possibility that he can ever be required to perform community service instead of paying court costs. *See e.g. State v. Dye,* 11th Dist. Portage No. 2011-P-0097, 2013-Ohio-4285, ¶16-18. In *Dye*, this court noted: "'if the performance of community service is not a possibility, then [appellant] is not prejudiced by the trial courts having failed to inform him of that possibility.'" *Id.* at ¶17, quoting *State v. Henderson*, 2d Dist. Montgomery No. 24701, 2012-Ohio-3283, ¶12.

**{¶51}** Here, at oral argument, the state suggested the foregoing remedy adopted by the Second District. In light of this recommendation, we sustain appellant's assignment of error. The trial court's judgment is accordingly modified by eliminating the possibility that appellant be subject to community service in lieu of court costs. As modified, the trial court's judgment is hereby affirmed.

**{¶52}** For his third assignment of error, appellant asserts:

**{¶53}** "Appellant was denied effective assistance of counsel."

**{¶54}** Under his final assignment of error, appellant appears to argue his trial counsel provided ineffective assistance by failing to object to the trial court's restitution orders, by failing to file an affidavit of indigency, and by failing to object to the imposition of court costs without proper notification pursuant to former R.C. 2947.23.

**{¶55}** For appellant to prevail on his claim of ineffective assistance of counsel, we must first conclude that counsel's performance fell measurably below that which might be expected from an ordinary fallible attorney. Second, we must conclude that appellant suffered prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, appellant must show, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Seiber*, 56 Ohio St.3d 4, 11 (1990). A reviewing court indulges a strong presumption that counsel's conduct is within the wide range of reasonable professional representation. *Strickland,* supra, at 689. An attorney's arguably reasoned strategic or tactical decisions do not generally constitute ineffectiveness. *State v. Phillips,* 74 Ohio St.3d 72, 85 (1995).

**{¶56}** Preliminarily, because appellant suffered no prejudice from the court's failure to notify him pursuant to former R.C. 2947.23, counsel was not ineffective for failing to object to the court's omission.

**{¶57}** Next, appellant claims trial counsel was ineffective for failing to file an affidavit of indigency. Various courts, including this one, have held a defendant's status as an indigent does not prohibit a trial court from imposing financial sanctions such as restitution. *State v. Cooper*, 11th Dist. Lake No. 2002-L-091, 2004-Ohio-529, ¶16; *see also State v. Jennings*, 8th Dist. Cuyahoga No. 99631, 2013-Ohio-5428, ¶43; *State v. Moore*, 12th Dist. Butler No. CA2002-12-307, 2003-Ohio-6255, ¶37. Given this authority, counsel's failure to file an affidavit of indigency cannot be viewed as unreasonable or prejudicial. Even if counsel had filed the affidavit, the trial court would have had the authority to impose restitution so long as the amount is consistent with standards of due process.

{¶58} Finally, appellant claims his counsel was ineffective for failing to object to the restitution order. R.C. 2929.18(A)(1) provides:

{¶59} Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶60} Prior to imposing restitution, a trial court must ensure that the amount is supported by competent, credible evidence. *See State v. Warner*, 55 Ohio St.3d 31, 69

15

(1990). Further, due process mandates that the amount of restitution bear a reasonable relationship to the loss suffered by the victim(s). *State v. Albaugh*, 11th Dist. Portage No. 2013-P-0025, 2013-Ohio-5835, ¶10. Where questions are raised regarding the amount of restitution, the trial court must resolve such issues through an evidentiary hearing. *See* R.C. 2929.18(A)(1).

{¶61} In this case, trial counsel failed to object to the amount of restitution ordered by the court. As such, no hearing was held on the issue of restitution. Appellant points out, however, that there are inconsistencies in the record regarding the amount of restitution he is obligated to pay. Thus, he argues, had trial counsel objected to the amount recommended by the prosecutor and later ordered by the court at the sentencing hearing, evidence would have established the amount did not bear a reasonable relationship to the loss suffered.

{¶62} At the sentencing hearing, the trial court entered the following restitution order based upon the prosecutor's recommendation and the relative Victim Impact Statements: $248.18 to Subway; $120.00 to T-N-T Tanning; $350 to Media Meister Worldwide; and $520.00 to Tye Dye Sky. The amounts awarded to Subway, T-N-T Tanning, and Media Meister Worldwide are consistent with the amounts reflected in the PSI. The amount awarded to Tye Dye Sky, however, is inconsistent with other statements in the record. While the Victim Impact Statement, provided by the president of Tye Dye Sky, indicates $520 was taken from the store, the statement taken by police after the robbery indicated the employee who was robbed believed appellant took anywhere from "$150-$180." And, in appellant's version of the robbery, he stated he took "approximately $345" from Tye Dye Sky. Notwithstanding these inconsistencies, the $520 amount was given by the president of the store, the individual in the best

16

position to identify the actual loss. Although there is a difference in the amount set forth in the Victim Impact Statement, and the speculative amounts in the PSI, it was within the court's discretion to rely upon the amount advanced by the president of the store. We cannot conclude, under these circumstances, counsel's performance was deficient for failing to object to the restitution order.

{¶63} Appellant's third assignment of error lacks merit.

{¶64} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is modified and affirmed as modified.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.