[Cite as *State v. Grega*, 2014-Ohio-5179.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

STATE OF OHIO,                              :          **O P I N I O N**

        Plaintiff-Appellee,          :

        - vs -                              :          **CASE NO.  2014-A-0002**

NATHANIEL J. GREGA,                     :

        Defendant-Appellant.        :

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 080.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Judith M. Kowalski,* 333 Babbit Road, #323, Euclid, OH  44123 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Nathaniel J. Grega, appeals from the judgment on sentence entered by the Ashtabula County Court of Common Pleas.  We affirm.

{¶2}    Appellant was indicted on one count of robbery, in violation of R.C. 2911.02, a felony of the second degree, and one count of petty theft, in violation of R.C. 2913.02, a misdemeanor of the first degree.  Appellant pleaded not guilty and a jury trial commenced.  Appellant was found guilty of both charges. He was sentenced to a three-

year term of imprisonment for robbery and a six-month jail term for petty theft. The sentences were ordered to be served concurrently.

{¶3} Appellant appealed his conviction and, in *State v. Grega*, 11th Dist. Ashtabula No. 2012-A-36, 2013-Ohio-4094, this court affirmed in part, reversed in part, and remanded the matter for resentencing. This court concluded the robbery and theft offenses should have been merged for sentencing. On remand, the trial court merged the two convictions and the state elected to proceed to sentencing on the robbery charge. The trial court again imposed a three-year term of imprisonment for the robbery conviction and gave appellant credit for time served. This appeal follows.

{¶4} Each of appellant's two assigned errors challenge the sentence imposed by the trial court. In reviewing felony sentences, this court has utilized two seemingly distinct standards. On one hand, this court has stated it reviews felony sentences pursuant to the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. Under the first prong, appellate courts "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* "If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *Id.*

{¶5} Post-H.B. 86, however, this court has also applied the standard set forth under R.C. 2953.08(G)(2). *State v. Cornelison*, 11th Dist. Lake No 2013-L-064, 2014-Ohio-2884, ¶35. That statutory provision provides:

{¶6} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the

2

sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶7}** (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶8}** (b) That the sentence is otherwise contrary to law.

**{¶9}** Our use of the foregoing, ostensibly different, standards of review may initially appear inconsistent. In practice, however, there is no real distinction between the two standards. The point of retaining *Kalish* for reviewing general felony sentences is merely to underscore the trial court has discretion to enter sentence within a respective felony range. Accordingly, the analysis employed under either standard will inevitably be the same.

**{¶10}** Nevertheless, because H.B. 86 functioned to revive the standard of review set forth under R.C. 2953.08(G), we shall employ this standard in all felony sentence appeals. *See e.g. State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶8, citing 2011 Am.Sub.H.B. No. 86, Section 1.

**{¶11}** Because they are related, we shall address appellant's assignments of error together. The provide, respectively:

3

{¶12} "[1.] The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to thirty-six months of imprisonment, in that said prison sentence is excessive for the purposes set forth in Ohio Revised Code Section 2929.11(A) and (B), and is not necessary to protect the public.

{¶13} "[2.] The trial court abused its discretion to the prejudice of appellant by imposing a thirty-six month prison sentence when consideration of the factors in 2929.12 tended to favor a lesser sentence."

{¶14} Under his assigned errors, appellant does not assert the sentence was clearly and convincingly contrary to law. Instead, he contends the trial court abused its discretion when it essentially reinstated its original sentence for felony-three robbery. Appellant maintains the sentence is disproportionately excessive when the facts that led to the charges are considered in light of the purposes and principles of felony sentencing as well as the statutory recidivism and seriousness factors. We do not agree.

{¶15} Both R.C. 2929.11 and R.C. 2929.12 provide general guidance for a sentencing court imposing every felony sentence. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶36. A court is not mandated to engage in factual findings under the statutes, but must simply "consider" the statutory factors. *Id.* at ¶42. Insofar as the record evinces the necessary consideration of the applicable seriousness and recidivism factors, a sentencing court has met its obligation. *State v. Cornelison*, 11th Dist. Lake No. 2013-L-064, 2014-Ohio-2884, ¶24, citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

4

{¶16} In this case, appellant was convicted of robbery for the theft of merchandise in a department store. As he was leaving the store, a security officer stepped in front of him and asked appellant to accompany her back into the store. Appellant grabbed the officer by her shoulders, lifted her off the ground, and moved her so that she was no longer blocking his path. Appellant observes that, even though a 36-month sentence is "mid-range for robbery," it is excessive given appellant's actions. We do not agree.

{¶17} Notwithstanding the relatively benign nature of the underlying robbery, the trial court, at the re-sentencing hearing, emphasized the underlying matter represented appellant's fourth felony conviction. The record also demonstrates appellant had been convicted of more than 25 misdemeanor crimes since 2001, 11 of which were theft offenses. Further, in its judgment entry, the trial court stated it had considered the record, oral statements, the presentence investigation report, the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors, pursuant to R.C. 2929.12. In light of appellant's previous record, the trial court determined it would not reduce its original sentence. Because appellant was convicted of felony robbery and had a significant previous record, we hold the trial court did not abuse its discretion when it re-sentenced appellant to three years imprisonment.

{¶18} Appellant's assignments of error lack merit.

{¶19} For the reasons discussed in this opinion, the sentence entered by the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.

5