[Cite as *State v. Elliston*, 2014-Ohio-5628.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 17-14-18

v.

LARRY B. ELLISTON,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 13CR000311

**Judgment Affirmed**

**Date of Decision:   December 22, 2014**

APPEARANCES:

      *Scott A. Kelly* **for Appellant**

      *Timothy S. Sell*  **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Larry B. Elliston ("Elliston"), appeals the June 2, 2014 judgment entry of sentence of the Shelby County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On November 14, 2013, the Shelby County Grand Jury indicted Elliston on five counts: Count One of robbery in violation of R.C. 2911.02(A)(2), a second-degree felony; Counts Two and Four of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6), fifth-degree felonies; and Counts Three and Five of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6), fourth-degree felonies. (Doc. No. 1).

{¶3} On November 19, 2013, Elliston appeared for arraignment and entered pleas of not guilty. (Doc. No. 6).

{¶4} On April 15, 2014, Elliston withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Count One, amended to attempted robbery in violation of R.C. 2323.02 and 2911.02, a third-degree felony, and Count Two. (Doc. No. 83); (Apr. 15, 2014 Tr. at 3-4, 13). In exchange for his change of plea, the State agreed to dismiss Counts Three, Four, and Five and remain silent at sentencing. (*Id.*); (*Id.* at 4). The trial court accepted Elliston's guilty pleas, found him guilty on Count One, as amended, and Count Two,

dismissed Counts Three, Four, and Five, and ordered a presentence investigation ("PSI"). (Apr. 15, 2014 JE, Doc. No. 84); (Apr. 15, 2014 Tr. at 13).

{¶5} On May 29, 2014, the trial court sentenced Elliston to 36 months in prison on Count One and 11 months in prison on Count Two and ordered that Elliston serve the terms consecutively for an aggregate sentence of 47 months. (Doc. No. 94); (May 29, 2014 Tr. at 7). The trial court further ordered that Elliston serve the 47-month term of imprisonment consecutive to his 10-month term of imprisonment in another Shelby County, Ohio case. (May 29, 2014 Tr. at 7-8).

{¶6} On June 2, 2014, the trial court filed its judgment entry of sentence. (June 2, 2014 JE, Doc. No. 98).

{¶7} On June 27, 2014, Elliston filed his notice of appeal. (Doc. No. 107). He raises one assignment of error for our review.

### Assignment of Error

**The court erred by not making certain specific findings in accordance with O.R.C. § 2929.14(C)(4) and thus the imposition of prison terms that run consecutively is improper.**

{¶8} In his assignment of error, Elliston argues that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences.

{¶9} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶10} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

**{¶11}** "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."  R.C. 2929.41(A).  R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that

no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶13} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided

that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶14} The trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and incorporated those findings into its sentencing entry. Specifically, at the sentencing hearing, the trial court said:

> The Court also has considered and finds that consecutive sentencing is necessary to protect the public from future crime or to punish you, and that consecutive sentencing is not disproportionate to the seriousness of your conduct and to the danger that you pose to the public. The Court also finds that your history of criminal conduct demonstrates that consecutive sentencing is necessary to protect the public from future crimes by you.

(May 29, 2014 Tr. at 7). The trial court incorporated those findings into its sentencing entry by reciting the language of the statute. (*See* June 2, 2014 JE, Doc. No. 98).

{¶15} However, Elliston argues that the trial court's imposition of consecutive sentences was improper because its sentencing entry "contains a mere copy and paste of the statute" and does not "articulate the specific reasoning

required by the statute." (Appellant's Brief at 3). Elliston's arguments are erroneous for two reasons.

{¶16} First, a trial court is not required to give a talismanic incarnation of the words of the statute, and an order of consecutive sentences will be upheld if we can discern that the trial court engaged in the correct analysis. *Sharp* at ¶ 50, citing *Bonnell* at ¶ 29. Because the trial court recited the exact language of R.C. 2929.14(C)(4) at the sentencing hearing and duplicated the exact language of R.C. 2929.14(C)(4) in its sentencing entry, we are able to discern that the trial court engaged in the correct analysis. In addition, this court previously determined that a trial court's exact recitation of the statutory language of R.C. 2929.14(C)(4) on the record satisfies the requirement that it make the requisite findings when ordering consecutive sentences. *State v. Upkins*, 3d Dist. Shelby No. 17-13-02, 2013-Ohio-3986, ¶ 12-16. Our determination in *Upkins* was relative to the first and second requirements of R.C. 2929.14(C)(4) because the parties conceded that the trial court properly found the third requirement. Nevertheless, our rationale in *Upkins* extends to a trial court's verbatim recitation of the statutory language in making the required findings under the third requirement of R.C. 2929.14(C)(4).

{¶17} Second, the trial court was not required to give reasons supporting its decision to impose consecutive sentences. *See Bonnell* at ¶ 27. Therefore, the trial court's verbatim recitation of the requisite findings under R.C. 2929.14(C)(4)

in its sentencing entry does not render Elliston's consecutive sentences contrary to law.

**{¶18}** Elliston further argues that the trial court erred by failing to specify whether the trial court was imposing consecutive sentences to protect the public *or* punish the offender. In support of his argument, Elliston relies on *State v. Wilkerson* to aver that this court concluded that the trial court must find that consecutive sentences are necessary to *either* protect the public from future crime *or* to punish the offender. 3d Dist. Logan Nos. 8-13-06 and 8-13-07, 2014-Ohio-980, ¶ 11. Elliston's argument and reliance on *Wilkerson* are misguided. Indeed, a thorough review of *Wilkerson* reveals that we concluded that "the trial court satisfied the first required finding of R.C. 2929.14(C)(4), by stating that consecutive sentences were 'necessary to protect the public *and* to adequately punish [the offender].'" (Emphasis added.) *Id.* at ¶ 24.

**{¶19}** "[U]nder certain conditions the word, 'or,' in a legislative enactment can be construed to read 'and,' and the word, 'and,' can likewise be construed to read 'or.' The word, 'and,' or, 'or,' will not be given its literal meaning where such meaning would do violence to the evident intent and purpose of the lawmakers and the other meaning would give effect to such intent." *In re Marrs' Estate*, 158 Ohio St. 95, 99 (1952). *See also* R.C. 1.02(F). The use of the word "or" in the conjunctive does not do violence to the evident intent and purpose of

the lawmakers who enacted R.C. 2929.14(C)(4); rather, it gives effect to the lawmakers' intent and purpose. Likewise, the word "or" in R.C. 2929.14(C)(4)'s requirement that the trial court find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender" has been applied in the conjunctive sense. *See, e.g., Bonnell* at ¶ 33 ("We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell."); *State v. Wilcox*, 2d Dist. Clark No. 2013-CA-94, 2014-Ohio-4954, ¶ 35 (concluding that the trial court's finding that consecutive sentences were necessary to protect the public from future crime *and* to punish the defendant satisfied the first requirement of R.C. 2929.14(C)(4)); *Wilkerson* at ¶ 24. Therefore, Elliston's argument that the trial court erred by failing to apply the statute disjunctively is meritless. Accordingly, that the trial court stated that it was imposing consecutive sentences on Elliston to protect the public from future crime *and* to punish Elliston satisfies the first required finding of R.C. 2929.14(C)(4).

{¶20} Elliston failed to clearly and convincingly demonstrate that the trial court erred by ordering that he serve his sentences consecutively. The trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry. Therefore, the trial court did not err in imposing consecutive sentences.

{¶21} Elliston's assignment of error is overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**