[Cite as *State v. Sutton*, 2016-Ohio-2799.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-095** |
| RONALD A. SUTTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 15 CR 000411.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Brian A. Smith*, 755 White Pond Drive, Suite 403, Akron, OH 44320 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Ronald A. Sutton, challenges the trial court's sentence imposing a thirteen-year prison term on two sex offenses. Appellant contests the length of the term for each crime, and argues that the trial court's findings do not justify the imposition of consecutive prison terms. We affirm.

{¶2} Appellant was born in November 1980 and raised in Lake County, Ohio.

At the age of fourteen, appellant began compiling an extensive juvenile record, including convictions for carrying a concealed weapon, receiving stolen property, theft, and drug abuse. After becoming an adult, he was convicted of multiple misdemeanors over the next five years. In addition to two convictions for drunk driving and one for assault, he had multiple convictions for disorderly conduct and possession of illegal drugs.

{¶3} Appellant's prior criminal activity stopped in 2003, soon after he moved to Pennsylvania and maintained steady employment with a drilling company and a water supply company. During this period, he began living with Katina Walker, who already had a young daughter from an earlier relationship. Although appellant and Walker never married, they continued to cohabitate and had a son. Appellant also developed a stepfather relationship with Walker's daughter.

{¶4} After five years of living together, Walker developed mental problems that ultimately caused the relationship to end. As part of their break-up, Walker agreed to let appellant retain custody of *both* children. Appellant moved back to Lake County to reside with his parents so that they could assist him in raising the children. Appellant retained custody of the children over the next six years and was consistently employed by an oil drilling company during this period.

{¶5} Beginning in August 2014, appellant engaged in sexual activity with his then twelve-year-old stepdaughter. The activity occurred on at least four separate occasions over a nine-month period. On more than one occasion, appellant rubbed his hand over the victim's genitals and breasts. On one occasion, he momentarily inserted the tip of his finger inside her genitals. Furthermore, on more than one occasion, appellant either forced the victim to touch his genitals with her hand or rubbed his

2

genitals on or near her genitals.

{¶6} The last encounter between appellant and his stepdaughter occurred in early May 2015. A few days later, a friend of the victim convinced her to talk to a school counselor. This led to an investigation by the county sheriff's office. After speaking with the victim at the school and collecting evidence from appellant's home, two detectives asked him to come to the department for an interview. At the close of the interview, appellant generally admitted the allegations.

{¶7} Appellant waived indictment and was charged by way of information. The information charged one count of attempted rape, a first-degree felony under R.C. 2923.02 and 2907.02(A)(1)(b), and one count of gross sexual imposition, a third-degree felony under R.C. 2907.05(A)(4). Both counts further alleged that the crimes were committed as part of a continuing course of criminal conduct. The information also alleged that the gross sexual imposition occurred when the female victim was less than thirteen years of age.

{¶8} Appellant pleaded guilty to the charges set forth in the information. After accepting the plea and finding appellant guilty, the trial court ordered a presentencing investigation, a victim impact statement, and a sex offender assessment. The trial court allowed appellant to meet with a separate psychologist for the purpose of submitting a second report regarding the likelihood of recidivism. The results of both psychological assessments generally indicate that appellant poses a low to moderate risk of recidivism.

{¶9} At the sentencing hearing, the trial court made three factual findings: (1) appellant stated during one of his assessments that it was not until his final two

3

encounters with his stepdaughter that he felt it was wrong for him to touch her; (2) appellant emphasized the victim never told him to stop when he touched her; and (3) appellant was unable to provide any logical explanation for his acts after he had turned his life around and not committed any crimes for approximately ten years. The court further stated that it considered the overriding purposes of felony sentencing and the pertinent statutory factors. The court ultimately sentenced him to consecutive terms of nine years for the attempted rape and four years for the gross sexual imposition, for an aggregate thirteen-year term.

**{¶10}** In appealing his sentence, appellant asserts two assignments of error:

**{¶11}** "[1.] The record does not support the trial court's imposition of a 13-year prison sentence upon appellant.

**{¶12}** "[2.] The record does not support the trial court's imposition of consecutive sentences upon appellant."

**{¶13}** Under his first assignment, appellant contests the length of sentence on both offenses contending that "near-maximum" prison terms were not warranted. According to him, the court did not sufficiently weigh his remorsefulness and low or moderate recidivism risk.

**{¶14}** Prior to 2014, in reviewing a felony sentence, this court followed the two-step analysis cited by the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. *See State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0002, 2014-Ohio-5179, ¶4. Subsequent to *Kalish*, though, the Ohio legislature ostensibly modified the standard for appellate review through the enactment of H.B. 86. Thus, our consideration of a felony sentence is governed solely by R.C. 2953.08(G)(2).

4

*Id.* at ¶10.  That provision states:

{¶15}  "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶16}  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard of review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶17}  "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶18}  "(b) That the sentence is otherwise contrary to law."

{¶19}  In analyzing the statutory standard, this court has stated:

{¶20}  "Like the *Kalish* standard, R.C. 2953.08(G)(2) provides a two-step analysis for reviewing the imposition of a felony sentence.  Specifically, an appellate court must affirm the felony sentence unless: (1) the trial court's findings on applicable mandatory requirements are not supported by the record; or (2) the sentence is not consistent with other relevant aspects of the law.  *State v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38.  Under the second step of this standard, 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory principles and purposes of sentencing as well as the statutory seriousness and

5

recidivism factors.' *State v. Martin*, 2nd Dist. Clark No. 2014.CA-69, 2015-Ohio-697, ¶8." *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15.

**{¶21}** In maintaining that the materials in this case supported the imposition of shorter prison terms for each count, appellant asserts that the trial court did not consider certain factors under R.C. 2929.12(D), such as his genuine remorsefulness and that he was unlikely to commit future crimes. However, R.C. 2929.12 is not one of the statutory provisions listed in R.C. 2953.08(G)(2)(a). Therefore, the imposition of the respective sentences is reviewed under the second prong of the R.C. 2953.08(G)(2) standard: i.e., was the imposition of the two terms contrary to law? Like a maximum sentence, the imposition of any sentence for an individual offense is not contrary to law if the term falls within the statutory range for that particular crime and the record demonstrates that the trial court considered the purposes and principles of felony sentencing, as stated in R.C. 2929.11, and the sentencing factors for seriousness and recidivism, as delineated in R.C. 2929.12. *State v. Hayes*, 2nd Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶15-16.

**{¶22}** As noted above, appellant was convicted of attempted rape, a first-degree felony, and gross sexual imposition, a third-degree felony. R.C. 2929.14(A)(1) provides that the range of permissible prison terms for a first-degree felony is from three years to eleven years. In regard to gross sexual imposition under R.C. 2907.05, R.C. 2929.14(A)(3)(a) states that the permissible range for a third-degree felony is from twelve months to sixty months. Given that appellant was sentenced to nine years and forty-eight months on the respective counts, both prison terms fall within the permissible statutory ranges.

6

{¶23} Furthermore, the trial court expressly stated during the sentencing hearing and in its final judgment that it considered the statutory guidelines in R.C. 2929.11 and 2929.12. Therefore, there is no basis for concluding that the trial court acted contrary to law in imposing the terms and the first assignment of error lacks merit.

{¶24} Appellant's second assignment argues that consecutive terms are improper. He submits that concurrent terms are justified because there is no evidence that he poses a threat to the general public through the commission of future crimes. Besides again citing the remorse and recidivism factors, appellant emphasizes that, prior to the acts leading to his present conviction, he was a law-abiding citizen for over ten years.

{¶25} The imposition of consecutive prison terms for multiple felony offenses is governed by R.C. 2929.14(C)(4), under which a trial court "may" sentence the offender to consecutive terms if it finds that: (1) such terms are "necessary to protect the public from future crime or to punish the offender"; (2) such terms "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of three enumerated alternatives exists. As to the third required finding, the trial court found the second of the three alternatives, as stated in R.C. 2929.14(C)(4)(b), to be applicable:

{¶26} "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

7

{¶27} R.C. 2929.14(C)(4) is one of the five specific statutory provisions cited in R.C. 2953.08(G)(2)(a). Accordingly, the trial court's imposition of consecutive terms will be affirmed unless this court clearly and convincingly finds that the record fails to support the trial court's findings under R.C. 2929.14(C)(4).

{¶28} "It is important to note 'that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' [*State v.*] *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶21. 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' *Id.*" *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, ¶31.

{¶29} Appellant focuses upon the first two prongs of R.C. 2929.14(C)(4); i.e., he claims the trial court erred in finding that consecutive sentences were needed to protect the public, and that the sentence was not disproportionate to the danger he poses to society. In support, he points to the results of his sex offender assessments, in which it was generally found that there was only a low to moderate risk that he would re-offend. He further points out that he led a crime-free life for over ten years prior to the offenses involving his stepdaughter.

{¶30} Notwithstanding the material cited by appellant, the record has other evidence upon which the trial court could justifiably conclude that appellant needed to be incarcerated in order to adequately protect the public. First, the reports regarding his psychological assessments do not state there was *no* risk that appellant would commit

8

future crimes; in fact, the reports indicate that the likelihood of future crimes could be as high as moderate. Second, although appellant was able to control his behavior during his late twenties and early thirties, he had a substantial criminal record during his late teens and early twenties. While many of his prior convictions pertained to his illegal use of drugs and alcohol, he also had convictions for assault, carrying a concealed weapon, and disorderly conduct. Third, the underlying conviction was not for a single encounter with his stepdaughter. Instead, appellant pleaded guilty to engaging in a continuing course of conduct over a ten-month period, during which there were at least four or five separate sexual encounters.

{¶31} Moreover, the very nature of appellant's actions toward his stepdaughter supports the conclusion that consecutive terms are necessary to adequately protect the public. First, during the sentencing hearing, appellant could not provide an adequate explanation for his actions when the trial court asked him why he would abuse the victim after not engaging in any criminal acts for over ten years. Although appellant said that he had been under significant stress when the molestations began in August 2014, this does not explain why his behavior continued over a ten-month time frame. Second, he admitted to the probation department that he continued to have the sexual encounters with the victim even after he began to realize his behavior was wrong. Third, the victim was only twelve years old when the molestation started, and appellant used his position of authority over the child to facilitate the offenses.

{¶32} Taken as a whole, the record does not clearly and convincingly show any error in the trial court's findings under R.C. 2929.14(C)(4). There is ample evidence to support the findings that: (1) consecutive sentences are needed to protect; (2)

9

consecutive sentences are not disproportionate to the seriousness of appellant's offenses and the danger he poses to society; and (3) the harm caused by his behavior is so great that a single prison term would not adequately reflect the seriousness of his offenses. Therefore, consecutive prison terms were justified. Appellant's second assignment is also without merit.

{¶33} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.