[Cite as *State v. Vanausdal*, 2016-Ohio-7735.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 17-16-06

    v.

GREGORY W. VANAUSDAL,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 16CR000015

Judgment Affirmed

Date of Decision: November 14, 2016

APPEARANCES:

    *Mollie B. Hojnicki-Mathieson* for Appellant

    *Brandon W. Puckett* for Appellee

**PRESTON, J.**

{**¶1**} Defendant-appellant, Gregory W. Vanausdal ("Vanausdal"), appeals the March 16, 2016 judgment entry of sentence of the Shelby County Court of Common Pleas. He argues that his convictions for rape and pandering sexually oriented material involving a minor are allied offenses of similar import under R.C. 2941.25(A) and therefore subject to merger. He also argues that his sentence is contrary to law because consecutive sentences are not supported by R.C. 2929.14(C)(4). For the reasons that follow, we affirm.

{**¶2**} On February 2, 2016, the State filed a bill of information charging Vanausdal with Count One of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, and Count Two of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1), a second-degree felony. (Doc. No. 1). Vanausdal waived service of summons, the reading of the bill of information, and his right to proceed by indictment. (Doc. Nos. 7, 8, 9). He entered pleas of guilty to both counts of the bill of information. (Feb. 2, 2016 Tr. at 18-19); (Doc. No. 10). The trial court accepted Vanausdal's guilty pleas and found him guilty of both counts. (Feb. 2, 2016 Tr. at 19); (Doc. No. 11).

{**¶3**} On March 14, 2016, Vanausdal filed a sentencing memorandum, in which he argued, among other things, that the offenses of which he was convicted are allied offenses of similar import and should merge. (Doc. No. 21).

**{¶4}** On March 15, 2016, the trial court held a sentencing hearing. (Mar. 15, 2016 Tr. at 3). The parties stipulated as follows to the underlying facts:

The parties would stipulate that the Defendant raped the victim in this case who was a child less than 13 years of age; that the rape was recorded via a video camera by the Defendant, which video camera was located on – in the bedroom where the child was raped.

The parties would also stipulate * * * that the video recording was later uploaded onto a computer hard drive; that after it was uploaded, a search was conducted of the Defendant's premises and then – and then a subsequent search was conducted once the video camera was found. In between those two searches, the Defendant removed the hard drive from his computer, tried to hide the images on the computer, and tried to hide the hard drive itself.

* * *

[T]here is no evidence that this recording was ever disseminated to any third party, that is, anybody other than Mr. Vanausdal would have viewed the recording.

(*Id.* at 4-5). The trial court ruled that Counts One and Two are not allied offenses of similar import and sentenced Vanausdal to 10 years to life in prison as to Count One and 5 years in prison as to Count Two, to be served consecutively. (*Id.* at 30);

(Doc. No. 23). The trial court filed its judgment entry of sentence on March 16, 2016. (Doc. No. 23).

{¶5} Vanausdal filed a notice of appeal on March 23, 2016. (Doc. No. 33). He raises two assignments of error for our review.

**Assignment of Error No. I**

**Appellant's offenses were allied offenses of similar import and subject to merger.**

{¶6} In his first assignment of error, Vanausdal argues that Counts One and Two are allied offenses of similar import under R.C. 2941.25(A). Therefore, Vanausdal argues, the trial court should have merged the offenses and sentenced him on only one of them.

{¶7} "A defendant bears the burden of proving that the offenses for which he has been convicted and sentenced constitute allied offenses of similar import pursuant to R.C. 2941.25." *State v. Campbell*, 12th Dist. Butler No. CA2014-06-137, 2015-Ohio-1409, ¶ 18, citing *State v. Luong*, 12th Dist. Butler No. CA2011-06-110, 2012-Ohio-4520, ¶ 46. "A court will look to the information contained in the record to make its allied offense determination, including the indictment, bill of particulars, and the presentence investigation ["PSI"] report." *Id.*, citing *State v. Tannreuther*, 12th Dist. Butler No. CA2013-04-062, 2014-Ohio-74, ¶ 16. Whether offenses are allied offenses of similar import is a question of law that this court

reviews de novo. *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-Ohio-5733, ¶ 15, citing *State v. Brown*, 3d Dist. Allen No. 1-10-31, 2011-Ohio-1461, ¶ 36.

{¶8} R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} In *State v. Bailey*, the First District Court of Appeals succinctly addressed the evolving standard applied by the Supreme Court of Ohio to determine whether allied offenses are subject to merger. 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 75-77. The First District espoused:

In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court changed the standard for evaluating when allied offenses are subject to merger under the statute

by overruling, in part, *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). The test in *Rance* to determine merger called for the court to first compare the statutory elements "solely in the abstract." *Johnson* at ¶ 44. Under *Johnson*, in determining whether allied offenses are subject to merger for purposes of R.C. 2941.25, courts must "consider the offenses at issue in light of the defendant's conduct," *id.* at ¶ 46, but are no longer to undertake "any hypothetical or abstract comparison of the offenses at issue." *Id.* at ¶ 47.

*Id.* at ¶ 75.

{¶10} More recently, the Supreme Court of Ohio "clarified the *Johnson* test by stating that R.C. 2941.25 contemplates an evaluation of 'three separate factors—the conduct, the animus, and the import.'" *Id.* at ¶ 76, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. *See also State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12. "Separate convictions are permitted under R.C. 2941.25 for allied offenses if we answer affirmatively to just one of the following three questions: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with a separate animus or motivation?" *Bailey* at ¶ 76, citing *Ruff* at paragraph three of the syllabus.

{¶11} Vanausdal was convicted of rape in violation of R.C. 2907.02(A)(1)(b). That statute provides:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: * * * The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

R.C. 2907.02(A)(1)(b). Vanausdal argues that his rape conviction merges with his conviction under R.C. 2907.322(A)(1) for pandering sexually oriented material involving a minor. That statute provides: "No person, with knowledge of the character of the material or performance involved, shall do any of the following: * * * Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality * * *." R.C. 2907.322(A)(1).

{¶12} We will first address whether Vanausdal committed the offenses with separate animus or motivation—the third *Ruff* factor. We conclude that he did. Vanausdal argues that his motivation for both offenses was "sexual gratification." (Appellant's Brief at 6-7). While sexual gratification was his motivation for raping the victim, his motivation for video-recording the rape was different and separate. That is, Vanausdal was motivated to record the rape so that he could memorialize it

and relive the rape in the future—after committing the offense of rape. *See State v. Starcher*, 5th Dist. Stark No. 2015CA00058, 2015-Ohio-5250, ¶ 35-37; *State v. Campbell*, 12th Dist. Butler No. CA2014-06-137, 2015-Ohio-1409, ¶ 22. *See also State v. Meadows*, 28 Ohio St.3d 43, 50 (1986) (noting that child pornography involves "memorializations of cruel mistreatment and unlawful conduct"). Therefore, we conclude that Vanausdal committed the offenses with separate animus and motivation, and the trial court properly declined to consider the offenses allied under R.C. 2941.25.

{¶13} While we could stop here with our analysis because an affirmative answer to any one of the three questions from *Ruff* justifies separate convictions, we elect to also address the first factor—namely, whether the offenses are dissimilar in import or significance. "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *Bailey*, 2015-Ohio-2997, at ¶ 77, quoting *Ruff* at paragraph two of the syllabus. While both offenses in this case involved the same victim, the harm that resulted from each offense is separate and identifiable. The victim in this case suffered physical and emotional harm as a result of the rape. *See State v. Tajblik*, 6th Dist. Wood No. WD-14-064, 2016-Ohio-977, ¶ 29. Separately and identifiably, the victim suffered emotional, mental, and psychological harm by Vanausdal's possession of the

sexually oriented material. *See State v. Stout*, 7th Dist. Mahoning No. 13 MA 30, 2014-Ohio-1094, ¶ 37. "'Individuals who view *or* circulate child pornography harm the child in several ways,'" including "'by perpetuating the abuse'" and "'by invading the child's privacy.'" (Emphasis added.) *State v. Starcher*, 5th Dist. Stark No. 2015CA00058, 2015-Ohio-5250, ¶ 36, quoting *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 61. In short, the harm suffered by the victim in this case as a result of the act of rape was separate and identifiable from the harm caused by Vanausdal's creation of child pornography.

{¶14} We elect to also address the second factor under *Ruff*—namely, whether Vanausdal committed the offenses separately. Whether offenses are committed separately often hinges on whether there is a temporal or spatial separateness in the offenses. *See State v. Skapik*, 2d Dist. Champaign No. 2015-CA-5, 2015-Ohio-4404, ¶ 19; *State v. Anderson*, 1st Dist. Hamilton No. C-110029, 2012-Ohio-3347, ¶ 24. However, even a "slight" temporal separation of the offenses can establish separate offenses. *See State v. Norris*, 8th Dist. Cuyahoga No. 102104, 2015-Ohio-2857, ¶ 18, citing *State v. Jackson*, 1st Dist. Hamilton No. C-090414, 2010-Ohio-4312, ¶ 26; *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647, ¶ 12. Vanausdal argues that the offenses "were committed at exactly the same time" and that "[t]here is no Pandering charge without the act of Rape that occurred in this case." (Appellant's Brief at 5); (Appellant's Reply Brief

at 2). Vanausdal is incorrect when he says that the offenses were committed at exactly the same time. While the rape occurred as Vanausdal was creating the sexually oriented material involving the minor victim, Vanausdal's creation of the sexually oriented material began before and continued after he committed the rape. Vanausdal started the videorecording before raping the victim, then discontinued the videorecording and uploaded it to his computer's hard drive after raping the victim. Therefore, because the offense of pandering sexually oriented material involving a minor temporally preceded and extended beyond the rape offense, the offenses were "committed separately" under the second *Ruff* factor. *See Skapik* at ¶ 19.

{¶15} For these reasons, we conclude that the trial court did not err in declining to merge the offenses as allied offenses of similar import under R.C. 2941.25(A). Vanausdal's first assignment of error is overruled.

### Assignment of Error No. II

**Appellant's sentence is contrary to law because consecutive sentences were not supported by R.C. 2929.14(C)(4).**

{¶16} In his second assignment of error, Vanausdal argues that "the trial court failed to engaged [sic] in the appropriate analysis required to satisfy R.C. 2929.14(C)(4)." (Appellant's Brief at 9). Specifically, Vanausdal argues that "[t]here is no evidence in the record to support the trial court's conclusions" that consecutive sentences are necessary to protect the public from future crime or to

punish Vanausdal and that consecutive sentences are not disproportionate to the seriousness of Vanausdal's conduct and to the danger posed to the public. (*Id.*). Vanausdal also argues that "[a] single prison sentence would not have demeaned the seriousness of the offenses." (*Id.* at 10).

{¶17} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Specifically as to the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) provides that an appellate court—after reviewing the record, including the findings underlying the sentence given by the trial court—may modify or vacate the sentence if the appellate court "clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)]." *State v. Dixson*, 3d Dist. Seneca No. 13-13-53, 2014-Ohio-4539, ¶ 51, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28-29. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶18}** R.C. 2929.14(C)(4), which governs the imposition of consecutive sentences, provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *Bonnell* at ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶19}** Vanausdal does not argue that the trial court failed to make the necessary findings before imposing consecutive sentences. Indeed, the trial court made the required findings at the sentencing hearing and incorporated those findings into its judgment entry of sentence. Namely, the trial court found: that consecutive sentences are necessary to protect the public from future crime or to punish Vanausdal; that consecutive sentences are not disproportionate to the seriousness of Vanausdal's conduct and to the danger Vanausdal poses to the public; and that at least two of the multiple offenses were committed as part of one or more courses of

conduct and that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflect the seriousness of Vanausdal's conduct. (Mar. 15, 2016 Tr. at 29-30). The trial court incorporated those findings into its judgment entry of sentence. (Doc. No. 23).

{¶20} Vanausdal argues that the record does not support the trial court's findings under R.C. 2929.14(C)(4). Specifically, Vanausdal argues that "there is no evidence to support a finding that consecutive sentences were necessary to protect the public" because he "had one prior misdemeanor conviction," "was 46 years old," and "was not a threat to the public." (Appellant's Brief at 9). He also argues, "[T]he relationship [Vanausdal] had with the victim, makes it very unlikely that similar circumstances would arise again in the future." (*Id.* at 10). As to the harm caused by Vanausdal's offenses, he argues that "the harm from both offenses was not to the level contemplated by R.C. 2929.14(C)(4)," that "[t]his essentially was one offense," that "the harm was typical," and that "[a] single prison sentence would not have demeaned the seriousness of the offenses." (*Id.*). Vanausdal is incorrect—we cannot clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶21} Regarding the trial court's finding that consecutive sentences are necessary to protect the public, the trial court also made the alternative finding that

consecutive sentences are necessary to punish Vanausdal. Vanausdal offers no argument as to that alternative finding. Therefore, we need not address his argument that the record does not support the trial court's finding that consecutive sentences are necessary to protect the public. *See State v. Elliston*, 3d Dist. Shelby No. 17-14-18, 2014-Ohio-5628, ¶ 19.

**{¶22}** We next address the trial court's finding that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflect the seriousness of Vanausdal's conduct. The PSI report indicates that Vanausdal was the victim's stepfather and eight days away from attaining the age of 46 at the time he committed the offenses. (PSI). The victim—who was 12 years old at the time Vanausdal committed the offenses—told law enforcement that it was her weekend to stay with Vanausdal and her six-year-old brother—Vanausdal's son. (*Id.*). Vanausdal and the victim tucked the six-year-old boy into bed. (*Id.*). They then went to Vanausdal's bedroom and began watching The Hunger Games. (*Id.*). The victim had to watch television in Vanausdal's bedroom because Vanausdal's son lost the remote control, apparently to the family-room television. (*Id.*). Vanausdal began taking off the victim's pajamas. (*Id.*). The victim told Vanausdal "no" and put her pajamas back on, but Vanausdal took them off again. (*Id.*).

Vanausdal then raped the victim while videorecording it. (Mar. 15, 2016 Tr. at 4-5).

**{¶23}** After raping the victim, Vanausdal "gave her a drink that did not taste like pop" and "made her tired." (PSI). She told Vanausdal that she was going to sleep on the couch, and Vanausdal asked her why she was leaving. (*Id.*). The victim fell asleep on the family-room couch and woke up to her six-year-old brother asking her about breakfast. (*Id.*). The video of the rape was uploaded onto a computer hard drive, and, during the investigation, Vanausdal attempted to hide his computer hard drive and the images on his computer. (Mar. 15, 2016 Tr. at 4-5).

**{¶24}** The victim provided an impact statement to the court, which states that Vanausdal "was my stepdad for about eight years and he is [the victim's brother's] dad." (Mar. 15, 2016 Tr. at 24). The victim stated that Vanausdal hurt her that night and that she remembers only "pieces of what happened, not all of it." (*Id.* at 24-25). The victim stated, "When I think about what happened, I feel mixed up, angry, scared, worried, and broken up inside. * * * I don't sleep that good. I have trouble paying attention in class. I'm angry more often. I'm more aware and I don't always feel safe." (*Id.* at 25). She said that if she could say anything straight to Vanausdal, it would be, "I hope they lock you up for life and never let you see the moon or the sun again." (*Id.*). If not for her brother—Vanausdal's son—she would tell Vanausdal to "go dig a hole to crawl in it and die." (*Id.*).

**{¶25}** Based on this record, we cannot clearly and convincingly find that the record does not support the sentencing court's finding of great or unusual harm. In fact, there is ample support in the record for the trial court's finding. At the time of the offenses, Vanausdal was 33 years older than the victim—nearly three times her age. *See State v. Ward*, 4th Dist. Meigs No. 07CA9, 2008-Ohio-2222, ¶ 28 (noting the age difference between the 29-year-old defendant and the 12-year-old victim exacerbated the serious psychological harm suffered by the victim). To facilitate the offenses, Vanausdal used his position of authority over the victim and took advantage of her staying at his house for the weekend. *See Ward* at ¶ 28; *State v. Sutton*, 11th Dist. Lake No. 2015-L-095, 2016-Ohio-2799, ¶ 31. *See also State v. Eager*, 3d Dist. Henry No. 7-15-02, 2015-Ohio-3525, ¶ 21 ("At the time Eager committed the conduct, he was in a position of trust and authority over his victim.").

**{¶26}** Moreover, not only did Vanausdal rape the victim, he videorecorded the rape so that he could relive it in the future. We discussed above the nature of the separate harms caused by the rape and the videorecording. The victim's impact statement makes clear that she suffers ongoing psychological and emotional trauma following the offenses that pose obstacles in her day-to-day activities, such as sleeping and attending school. *See Ward* at ¶ 22, 31; *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 9-10; *State v. Castle*, 3d Dist. Hardin No. 6-15-11, 2016-Ohio-993, ¶ 19. The record supports the finding that ordering

Vanausdal to serve a single prison term for either the rape or the pandering-sexually-oriented-material-involving-a-minor offenses would not reflect the seriousness of his conduct, including the impact of both raping the victim *and* videorecording the rape. *See Bautista* at ¶ 12.

**{¶27}** After reviewing the record, including the findings underlying the sentence given by the trial court, we do not clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). Rather, the record adequately supports the trial court's findings under R.C. 2929.14(C)(4).

**{¶28}** Vanausdal's second assignment of error is overruled.

**{¶29}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**